IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARMEN ANA ROBLES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 19-cv-__3965__ |
| § | (JURY) |
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S, LONDON § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. PH16255, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, ("Underwriters"), file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

## I.
## FACTUAL BACKGROUND

1. Plaintiff commenced this lawsuit against Defendants in the 152nd Judicial District Court of Harris County, Texas on or about August 23, 2019. A true and correct copy of the Original Petition along with documents reflecting service are attached hereto with the State Court's file as Exhibit "A." Plaintiff served the Original Petition on Defendants through their registered agent on September 11, 2019. On September 27, 2019 Defendants filed their Original

Answer, Special Exceptions and Jury Demand. *Id.* Defendants are filing this Notice of Removal within 30 days of their first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

2. Plaintiff seek to recover damages in this lawsuit based on allegations of breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Plaintiff seeks damages for alleged knowing violations of the Insurance Code, penalty and statutory interest, and attorneys' fees. Plaintiff's claims against Defendant arise under a homeowner's policy of insurance issued by Underwriters. Plaintiff alleges her property was damaged in a storm occurring on or about August 28, 2017.

3. Plaintiff's claims against Underwriters are rephrased allegations that Underwriters failed to sufficiently compensate Plaintiff for its alleged losses from Hurricane Harvey.

## II.
## BASIS FOR REMOVAL

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

A. **There is Complete Diversity of Citizenship.**

5. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Plaintiff's Original Pet. ¶ 1.

6. Cincinnati Global Underwriting Ltd. on behalf of Syndicate 0318 is the corporate member of Syndicate 0318, with its principal place of business at One Minster Court, Mincing

2

Lane, Third Floor, London, EC3R 7AA and is business entity organized pursuant to and is therefore a citizen of the United Kingdom. Cincinnati Global Underwriting Ltd. and Cincinnati Global Syndicate 318 are foreign companies and citizens of the United Kingdom.

**B.      The Amount In Controversy Exceeds Jurisdictional Requirements.**

7.      The amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, Plaintiff fails to allege an amount for which they are suing. Further, she fails to include a stipulation or affidavit stating they seek $75,000 or less. The face of a plaintiff's pleading will not control if made in bad faith. The inquiry does not end merely because a plaintiff alleges damages potentially below the threshold. Plaintiff can only end that inquiry by showing, *with legal certainty*, that her recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, plaintiff can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with her complaint. *Id. See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiff has done neither.

8.      If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that she will not be able to recover more than the damages for which she has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

9.      To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The defendant may also rely on

the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiff's allegations and Defendants' evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10. In her Petition, Plaintiff states that she seeks:

(a) Unspecified damages allegedly due to Defendants' alleged breach of contract. (See paragraph 14 of the Petition).

(b) Statutory interest on the total amount of the claim. (See paragraph 16 of the Petition).

(c) Exemplary and/or treble damages. (See paragraph 21 of the Petition).

(d) Attorney's fees. (See paragraphs 16, 22, 23 and 24 of the Petition).

11. Further, in any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $100,000.00 for the Dwelling, $10,000 for loss of use, $40,000 for personal property, and $10,000 for other structures. *See* Exhibit "B" attached hereto.

12. It is clear the types of damages Plaintiff is seeking, when considered jointly, put Plaintiff well above the jurisdictional minimum. Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess

of the minimum required for diversity jurisdiction. It has been just over two years since Defendants sent Plaintiff a letter explaining the absence of covered damages found during the claim investigation. Therefore, including penalty interest increases the amount sought by the Plaintiff approximately $15,646, assuming Plaintiff seeks statutory interest in effect prior to September 1, 2017.

13. Further, on April 26, 2019, Plaintiff sent Defendants a demand letter, alleging actual damages in the amount of $43,462.69, plus $3,405 in attorney fees, for a total of $$43,867.69. *See* Exhibit "C" attached hereto. Plaintiff requests treble damages in her lawsuit which would total $130,386. Not included in this amount is Plaintiff's claim for attorney fees through trial and appeal.

14. Assuming the Plaintiff seeks only $3,405 for attorney fees, the amount in controversy far exceeds $75,000.00.

| Claim for Damages | Plaintiff's Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $43,462.69 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $86,925.38 |
| 10.25 percent interest for violations of the Insurance Code | $8,909.71 for 24 months |
| Attorney's Fees | $3,405.00 |
| **Total to Date:** | **$142,702.78** |

15. For these reasons, Defendants believe it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Defendants have also made such showing by a preponderance of the evidence as required by applicable federal law.

### C. Removal is Procedurally Correct.

16. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

17. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

18. Pursuant to 28 U.S.C. §1446(d), promptly after Underwriters file this Notice, written notice of the filing will be given to Plaintiff.

19. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Underwriters file this Notice.

20. Defendants demanded a jury in the state court action. Defendants also request a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

21. All fees required by law in connection with this Notice have been tendered and paid by Defendants.

### III. CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant hereby removes this case to this Court for trial and determination.

                                        **SHEEHY, WARE & PAPPAS, P.C.**

By:   */s/ D. Christene Wood*
       D. Christene Wood
       Texas State Bar No. 24042188
       Southern District I.D. No. 567102
       cwood@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 11th day of October 2019 to the following counsel of record:

*Via E-service*
Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002

*Via E-service*
Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011

                                        */s/ Jonathan R. Peirce*
                                        Jonathan R. Peirce

3581721